1  Steven L. Weinstein
2  steveattorney@comcast.net
   P.O. Box 27414
3  Oakland, CA 94602
   Telephone: (510) 336-2181
4  Facsimile:  (510) 336-2181

5  [Additional counsel appearing on signature page]

6  *Attorneys for Plaintiff* ABANTE ROOTER
   AND PLUMBING, INC. and the alleged Class
7
8                    **UNITED STATES DISTRICT COURT**
9                    **NORTHERN DISTRICT OF CALIFORNIA**
10                              **OAKLAND DIVISION**
11

12 | **ABANTE ROOTER AND PLUBMING, INC.**, a California corporation, individually and on behalf of all others similarly situated, | |
   | --- | --- |
   | Plaintiff, | Case No. |
   | v. | **CLASS ACTION COMPLAINT** |
   | **MSC MERCHANT SERVICE CENTER, LLC**, a Nevada limited liability company, | **JURY TRIAL DEMANDED** |
   | Defendant. | |

20      Plaintiff Abante Rooter and Plumbing ("Plaintiff" or "Abante") brings this Class Action

Complaint and Demand for Jury Trial ("Complaint") against Defendant MSC Merchant Service

Center, LLC ("MSC") ("Defendant") to stop Defendant's practice of placing auto-dialed calls to

cellphone owners and to obtain redress for all persons injured by its conduct. Plaintiff, for its

Complaint, alleges as follows upon personal knowledge as to itself and its own acts and

experiences, and, as to all other matters, upon information and belief, including investigation

conducted by its attorneys.

**JURISDICTION & VENUE**

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Class consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

2. This Court has personal jurisdiction over MSC because, on information and belief, it has solicited and entered into business contracts in this District, and it made the calls at issue in this case and directed such calls to cellphone owners in this District.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff received the unlawful calls in this District and the calls were directed to persons residing, at least in part, in this District.

**PARTIES**

4. Plaintiff Abante is a plumbing company headquartered in Emeryville, Alameda County, California.

5. Defendant MSC is a limited liability company organized and existing under the laws of the State of Nevada whose primary place of business and corporate headquarters is located at 871 Coronado Center Drive, Suite 200, Henderson, NV 89052.

**COMMON FACTUAL ALLEGATIONS**

6. Merchant processing companies contract with businesses to provide credit card and debit card processing services, including point of sale card readers and related equipment.

7. Defendant MSC is a sales marketer that recruits new customers for merchant processing companies via telemarketing (and potentially through other means).

8. All of the calls at issue in this case were made by MSC for its own benefit and, potentially, on behalf of and for the benefit of others, including potentially specific merchant

processing companies and partners.

9. Unfortunately for consumers, Defendant, in an attempt to secure new customers (and sales) and leads for the merchant processing companies, engaged in an aggressive telemarketing campaign—often stepping outside the law in the process.

10. Specifically, Defendant used an automatic telephone dialing system ("ATDS") to make unsolicited telemarketing calls to cellphone numbers.

11. While such calls to landlines may be permitted under the Act, it is a plain violation of the TCPA, 47 U.S.C. § 227, *et seq.* to make such calls to cellphones. Furthermore, Defendant makes calls to cellphones after being told to stop calling.

12. Notably, marketers who wish to avoid calling cellphone numbers are able to segregate their calls lists to identify cellphone numbers. On information and belief, Defendant failed to segregate cellphone numbers from landline numbers and, as a result, made repeated unsolicited calls to the cellphones of Plaintiff and others.

13. Rather than adhere to the law, Defendant place repeated calls to consumers who have never provided consent (either orally or in writing) to receive such calls.

14. Moreover, despite repeated attempts to request for Defendant to stop calling, Defendant routinely ignore such requests and continue to place their autodialed calls.

15. By making unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. Furthermore, Defendant made the calls knowing it trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, applications, and hardware

1  components.

2  16. Defendant knowingly made, and continues to make, repeated autodialed
3  telemarketing calls to cellphone owners without the prior express consent of the recipients and to
4  consumers who have asked that the calls stop. As such, Defendant not only invaded the personal
5  privacy of Plaintiff and members of the putative Class, they also intentionally and repeatedly
6  violated the TCPA.

7  17. The calls were made by or on MSC's behalf and with its full knowledge and
8  approval. MSC knew about the calls being made by and on its behalf, received the benefit of the
9  calls, directed that the calls be made, and/or ratified the making of the calls.

10  18. The TCPA was enacted to protect consumers from unsolicited telephone calls like
11  those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant
12  lawsuit and seeks an injunction requiring MSC to cease all unsolicited telephone calling activities
13  to consumers as complained of herein and an award of statutory damages to the members of the
14  Class, together with costs and reasonable attorneys' fees.

**FACTS SPECIFIC TO PLAINTIFF ABANTE**

16  19. Plaintiff Abante is the owner and customary user of a cellphone number ending in
17  5154.

18  20. This phone number has been registered on the National Do Not Call Registry since
19  February 21, 2007.

20  21. At no time did Abante provide its cellphone number to Defendant or provide
21  Defendant, or any of Defendant's agents, with prior express consent to call.

22  22. Plaintiff received at least two autodialed calls to its cellphone from (628) 201-0275
23  in or around October 2018.

24  23. Plaintiff's agent heard a pause and click on the calls, indicative of an ATDS.

25  24. All of the calls were made by agents or employees of MSC. MSC knew about,
26  directed, ratified, and benefitted from the calls.

25. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided its telephone number directly to Defendant, and had never requested that Defendant place calls to it or to offer it any services.

26. Simply put, Plaintiff has never provided any form of prior express consent to Defendant to place telemarketing calls to its cellphone number and has no business relationship with Defendant.

27. Defendant was, and remains, aware that the above-described telemarketing calls were made to consumers like Plaintiff never provided prior express consent to receive them.

28. Defendant made multiple calls to Plaintiff despite the fact the Plaintiff's phone number had been registered on the Do Not Call registry for well over thirty days (years, frankly) at the time the calls were made.

29. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff and members of the Class actual harm. This includes the aggravation, nuisance, and invasions of privacy that result from the placement of such calls, in addition to the wear and tear on their cellphones, interference with the use of their phones, consumption of battery life, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

30. To redress these injuries, Plaintiff, on behalf of itself and the Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**CLASS ACTION ALLEGATIONS**

31. Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of itself and a Class defined as follows:

> **Autodialed Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant caused to be called; (3) on the person's cellphone; (4) for the same purpose as Defendant called Plaintiff; (5) using the same equipment that was used to call the Plaintiff, and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

32. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following a period of appropriate discovery, including discovery regarding Defendant's dialing equipment, do not call practices, purpose for calling, and any supposed method for obtaining prior express consent.

33. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has placed telemarketing calls to thousands of consumers who fall into the defined Class. The number of members of the Class and class membership can be identified through objective criteria, including Defendant's phone records.

34. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the Class Members.

35. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor its counsel has any interest in conflict with or antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

36. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether the calls were made on behalf of Defendant and/or whether Defendant knew about, approved, or benefitted from the calls;

(c) Whether Defendant had prior express consent to place the calls;

(d) Whether the calls were made using an ATDS;

(e) Whether Defendant repeatedly called consumers after the consumers asked that the calls stop; and

(f) Whether Defendant's conduct was willful or knowing such that members of the Class are entitled to treble damages.

37. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

38. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden

and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Autodialed Class)**

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. Defendant made or caused to be made calls to Plaintiff's and the other Autodialed Class Members' cellphones.

41. These calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the TCPA.

42. The calls were made by MSC for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of credit/debit card processing services.

43. Neither Plaintiff nor any other consumer ever provided prior express consent under the TCPA to be called by or on behalf of MSC.

44. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Autodialed Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member of the Autodialed Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

45. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Class.

46. Plaintiff and the Autodialed Class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Abante Rooter and Plumbing, on behalf of itself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing its counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An injunction requiring Defendant to cease all telemarketing calls to cellphones whose owners/users who haven't consented, together with a declaration that Defendant used an ATDS in violation of the TCPA;

D. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

E. An award of trebled damages if willful or knowing violations are shown;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: December 4, 2019        **Abante Rooter and Plumbing**, individually and on behalf of all others similarly situated,

By: /s/ Steven L. Weinstein
One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Telephone: (510) 336-2181
Facsimile:  (510) 336-2181

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*
*pro hac vice application to be filed